F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUL 6 2001**

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL KATZ,

      Plaintiff-Appellant,

v.

CITY OF AURORA, COLORADO
and VERNE R. ST. VINCENT,

      Defendants-Appellees.

No. 00-1103
(D.C. No. 99-S-1047)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his complaint, plaintiff Michael Katz claimed that, while he was employed as a police officer, defendants: (1) discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; (2) maintained a sexual harassment policy that unconstitutionally denied his rights to due process and equal protection; and (3) committed the state law tort of intentional infliction of emotional distress. The district court entered summary judgment in favor of defendants, based in large part upon the magistrate judge's thorough and thoughtful recommendation.

Katz filed a notice of appeal challenging the grant of summary judgment. Later, attorneys' fee matters were resolved in the district court. The magistrate judge recommended an award of fees to defendant Verne St. Vincent, pursuant to Colo. Rev. Stat. § 24-10-110(5)(c). [1] Plaintiff's untimely objection to the recommendation was denied.

In the district court, plaintiff's claims were carefully analyzed to determine whether there was a genuine issue of material fact, viewing the evidence and the

---

[1]    Section 24-10-110(5)(c) provides:

> In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both and in favor of the public employee.

reasonable inferences therefrom in the light most favorable to plaintiff, the nonmoving party. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs* ., 165 F.3d 1321, 1326 (10th Cir. 1999). Upon de novo review, *id.*, we affirm the district court's entry of summary judgment for substantially the reasons set forth in the court's order of February 18, 2000 and the magistrate judge's recommendation of January 20, 2000.

In his brief, Katz also attempts to challenge the award of attorneys' fees. However, "a supplemental notice of appeal is required for us to have jurisdiction over an attorneys' fees issue that becomes final subsequent to the initial notice of appeal." *EEOC v. Wal-Mart Stores, Inc* ., 187 F.3d 1241, 1250 (10th Cir. 1999). No such supplemental notice was filed here; hence we have no jurisdiction to review the fee award.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Defendants' motion to strike appellant's corrected opening brief and dismiss the appeal is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-